IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

Cesar Galligani,  :  No: 1:10-CV-01136-CCC
           Plaintiff  :
             :
   V.  :
             :
Northern Regional Police Department of  :
York County, Pennsylvania, Officer Mark E.  :
Baker of Northern Regional Police  :
Department of York County, Pennsylvania,  :
District Attorney's Office of York County  :
and H. Stanley Rebert, District Attorney  :
of York County, Commonwealth of PA  :
           Defendants  :

**DISTRICT ATTORNEY'S OFFICE, H. STANLEY REBERT AND
ASSISTANT DISTRICT ATTORNEY CONNOLLY'S BRIEF IN SUPPORT
OF MOTION TO DISMISS**

I.    Procedural History

On May 26, 2010, Cesar Galligani ("Plaintiff") filed a Complaint against a number of Defendants including H. Stanley Rebert ("Rebert"), York County District Attorney's Office ("YCDAO") and Assistant District Attorney Connolly (collectively "DA Defendants"). The above-referenced named defendants filed a Motion to Dismiss. This is their Brief in Support of said Motion.

II.   Issues

    A.    Whether Assistant District Attorney Connolly is a proper defendant in Counts II, III and IV of the Complaint when he is not identified in the caption?

          ***Suggested Answer:   No***

    B.    Whether YCDAO, Rebert and Connolly enjoy prosecutorial immunity from the claims of Plaintiff?

*Suggested Answer:   Yes*

C. Whether Plaintiff may state a civil rights claim under the theory of respondeat superior?

*Suggested Answer:   No*

D. Whether the YCDAO is subject to suit in that it is not at separate legal entity?

*Suggested Answer:   No*

E. Whether Rebert is a proper defendant in that no personal involvement on the part of Rebert is alleged in the Complaint?

*Suggested Answer:   No*

F. Whether defendants enjoy qualified immunity from the claims of Plaintiff in that Plaintiff concedes that his counsel filed an ARD application as to one of the charges?

*Suggested Answer:   Yes*

III. Argument

A. Connolly

Even though Connolly's name does not appear in the caption, Counts II, III & V attempt to state a claim against Assistant District Attorney Connolly. Persons not named as parties in the caption of a complaint are not parties. See Moder v. L.E. Meyers Co., 2008 W.L. 4763266 (W.D. Wis. 2008) and Myles v. U.S., 416 F.$3^d$ 551, 552 (7th Cir. 2005). As a result, Connolly should be dismissed from this Case.

B. Prosecutorial Immunity

The core of the Plaintiff's Complaint against the DA Defendants relates to the decision to initiate criminal charges against Plaintiff. Such conduct is clearly covered by prosecutorial immunity and, as a result, the Complaint should be dismissed as it applies to the

DA Defendants.

The decision to initiate a prosecution is at the core of a prosecutor's judicial role. Kulwicki v. Dawson, 969 F$^{2d}$ 1454 (C.A. 3 Pa. 1992). A prosecutor is absolutely immune when making this decision, even where he acts without a good faith belief that any wrongdoing has occurred. Id.

There is nothing in the Complaint to suggest that the DA Defendants took any actions outside their roles as prosecutors. As noted in Paragraph 53 of the Complaint, Plaintiff's basis for proceeding against the DA Defendants is the "decision to initiate charges." Absolute immunity covers this decision even if there is an allegation that the decision was made improperly. Id.

C.  Respondeat Superior

Paragraph 46 of the Complaint states that YCDAO is liable for the actions of Connolly under the doctrine of respondeat superior. All of the claims made against the DA Defendants are made under Section 1983. Claims under Section 1983 cannot be based upon respondeat superior. Rode v. Dellarciprete, 845 F2d 1195, 1207 (3$^d$ Cir. 1986). As a result, all claims against Rebert and YCDAO should be dismissed.

D.  District Attorney's Office

The YCDAO is a named defendant. A district attorney's office, however, is not a separate legal entity subject to suit. Reitz v. County of Bucks, 125 F3d 139, 148 (3$^d$ Cir. 1997). As a result, all claims against YCDAO should be dismissed with prejudice.

E.  Rebert

Rebert is the former DA for York County. Rebert is identified as a defendant even though he is not alleged to have any personal involvement in the decision to charge Plaintiff

with a crime. Absent such allegation, Plaintiff's claims against Rebert should be dismissed. See Rode, supra. Even if the Complaint included such an allegation, Rebert would be entitled to prosecutorial immunity.

F.  Qualified Immunity

Plaintiff's Complaint concedes that this own attorney made an application for ARD on behalf of Plaintiff. (Paragraph 31b). In other words, Plaintiff's own attorney determined that there was, as of December of 2008, sufficient cause for concern about the validity of at least one of the charges filed against Plaintiff.

The doctrine of qualified immunity protects government officials performing discretionary functions so long as their conduct does not violate establish constitutional rights of which a reasonable person would have known. Harlow v. Fitzgerald, 457 U.S. 800, 818, 102 S. Ct. 2727, 73 L.Ed. 2d 396 (1982). In the case at hand, the DA Defendants enjoy qualified immunity in the event this Court rules that prosecutorial immunity does not apply.

IV.  Conclusion

The above-captioned case is a garden variety prosecutorial immunity case. A domestic dispute involving the Plaintiff and Jennifer Galligani resulted in an investigation and the filing of criminal charges. Regardless of the ultimate outcome of those charges, prosecutors must have immunity in order to do their jobs. DA Defendants request that the Complaint be dismissed with prejudice and that counsel fees be awarded.

Date  6/11/2010

Michael W. Flannelly, Esquire
Solicitor for the County of York
I.D. No. 37013
York County Administrative Center
28 East Market Street, 2nd Floor
York, PA 17401-1599
(717) 771-9306

4

IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Cesar Galligani,<br>　　　　　　Plaintiff<br><br>　　　V.<br><br>Northern Regional Police Department of<br>York County, Pennsylvania, Officer Mark E.<br>Baker of Northern Regional Police<br>Department of York County,  Pennsylvania,<br>District Attorney's Office of York County<br>and H. Stanley Rebert, District Attorney<br>of York County, Commonwealth of PA<br>　　　　　　Defendants | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | No: 1:10-CV-01136-CCC |

CERTIFICATE OF WORD COUNT, PURSUANT TO
MIDDLE DISTRICT LOCAL RULE 7.8

**District Attorney's Office, H. Stanley Rebert and Assistant District Attorney Connolly's Brief in Support of Motion to Dismiss** does not exceed a word count of 5,000 words. The word count is 920 words, according to the word count feature of the word-processing system used to prepare the Brief. The Brief does not exceed fifteen (15) pages.

　　　　　　　　　　　　　　　　　　　　　Respectfully submitted,

Date:　__6/11/2010__　　　　　　　　　　　__/s/ Michael Flannelly__
　　　　　　　　　　　　　　　　　　　　　Michael W. Flannelly, Esquire
　　　　　　　　　　　　　　　　　　　　　Solicitor for the County of York
　　　　　　　　　　　　　　　　　　　　　I.D. No. 37013
　　　　　　　　　　　　　　　　　　　　　28 East Market Street, 2nd Floor
　　　　　　　　　　　　　　　　　　　　　York, PA 17401-1599
　　　　　　　　　　　　　　　　　　　　　(717) 771-9306

IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Cesar Galligani,<br>　　　　　　　Plaintiff | No: 1:10-CV-01136-CCC |
| V. | |
| Northern Regional Police Department of<br>York County, Pennsylvania, Officer Mark E.<br>Baker of Northern Regional Police<br>Department of York County, Pennsylvania,<br>District Attorney's Office of York County<br>and H. Stanley Rebert, District Attorney<br>of York County, Commonwealth of PA<br>　　　　　　　Defendants | |

## CERTIFICATE OF SERVICE

I, Michael W. Flannelly, Solicitor for the County of York, Pennsylvania, hereby certify that I have served a copy of the ***District Attorney's Office, H. Stanley Rebert and Assistant District Attorney Connolly's Brief in Support of Motion to Dismiss*** to the following individuals:

Richard Oare, Esquire (via electronic means & first-class mail)
1434 South George Street
York, PA 17403

Northern Regional Police Department (via first-class mail)
1445 East Canal Road
Dover, PA 17315

Officer Mark E. Baker (via first-class mail)
Northern Regional Police Department
1445 East Canal Road
Dover, PA 17315

Date: 6/11/2010

Michael W. Flannelly, Esquire
Solicitor for the County of York
I.D. No. 37013
28 East Market Street, 2nd Floor
York, PA 17401-1599
(717) 771-9306