**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **CESAR GALLIGANI,** | : | **CIVIL ACTION NO. 1:10-CV-1136** |
| | : | |
| **Plaintiff** | : | **(Judge Conner)** |
| | : | |
| **v.** | : | |
| | : | |
| **NORTHERN YORK COUNTY** | : | |
| **REGIONAL POLICE DEPARTMENT** | : | |
| **and MARK E. BAKER,** | : | |
| | : | |
| **Defendants** | : | |

## MEMORANDUM

Presently before the court is the report (Doc. 44) of Magistrate Judge William T. Prince recommending that the court grant the motion to dismiss (Doc. 34) filed by defendants Northern York County Regional Police Department and Mark E. Baker.  Also before the court is defendants' motion to strike (Doc. 54) a reply brief (Doc. 53) filed by plaintiff Cesar Galligani ("Galligani") opposing the report and recommendation ("R&R").  For the reasons that follow, the court will adopt the magistrate's R&R ( Doc. 44), grant the motion to dismiss (Doc. 34) and grant defendants' motion to strike (Doc. 54).

I.     **Background**

On May 26, 2010, Galligani instituted the above-captioned litigation against Northern York County Regional Police Department ("NYCRPD"), Officer Mark E. Baker ("Officer Baker"), the District Attorney's Office of York County and H. Stanley Rebert, District Attorney of York County.  (Doc. 1).  Galligani asserted three claims in his complaint: (1) Fourth Amendment malicious prosecution, pursuant to

42 U.S.C. § 1983; (2) conspiracy to maliciously prosecute, pursuant to 42 U.S.C.

§ 1985; and (3) negligence.  (Id.)  Galligani filed an amended complaint on

November 16, 2010, reasserting the three claims but naming only NYCRPD and

Officer Baker as defendants.  (Doc. 32).   The remaining defendants filed a motion to

dismiss the amended complaint (Doc. 34), and the court referred the motion to

Magistrate Judge Prince for the preparation of a report and recommendation.  (See

Doc. 43). Judge Prince issued his R&R on April 22, 2011.  (Doc. 44).  After receiving

an extension of time (see Doc. 46), Galligani filed objections to the R&R on June 7,

2011.  (Docs. 49, 50).  Defendants filed a response to Galligani's objections on June 8,

2011.  (Docs. 51, 52).  On July 21, 2011, Galligani filed a reply brief to defendants'

response.  (Doc. 53).  This reply brief prompted the defendants to file a motion to

strike (Doc. 54) the reply brief as untimely.

## II.   **Discussion**

The court will address the motion to strike first.  (See Doc. 54).  Local Rules

for the Middle District of Pennsylvania dictate that a moving party may file a reply

brief within fourteen (14) days after service of the opposing party's brief in

opposition.  L.R. 7.7 ("A brief in reply to matters argued in a brief in opposition may

be filed by the moving party within fourteen (14) days after service of the brief in

opposition.  No further briefs may be filed without leave of court.").  Defendants

assert that the reply brief filed by plaintiff Galligani on July 21, 2011, (Doc. 53

(docketed with the court as a brief in opposition to the report and

recommendation)), is untimely and should be stricken from the record as Galligani neither sought the defendants' concurrence for the late filing nor leave of court.

The court will grant the motion.  Defendants filed their brief in opposition to Galligani's objections to the R&R on June 8, 2011.  (See Doc. 52).  Per Local Rule, Galligani's reply brief was due by June 22, 2011.  Galligani filed his reply brief on July 21, 2011, approximately one month after the filing deadline (see Doc. 53), without any explanation for the delay and sans request for leave of court to file the out-of-time brief.  The court will therefore grant the motion to strike and direct the Clerk of Court to strike the reply brief (Doc. 53) from the record.

The court turns next to Galligani's objections to the R&R.  Where objections to a magistrate judge's report and recommendation are filed, the court must perform a *de novo* review of the contested portions of the report.  Supinski v. United Parcel Serv., Civ. A. No. 06-0793, 2009 WL 113796, at *3 (M.D. Pa. Jan. 16, 2009) (citing Sample v. Diecks, 885 F.2d 1099, 1106 n. 3 (3d Cir. 1989); 28 U.S.C. § 636(b)(1)(c)).  "In this regard, Local Rule of Court 72.3 requires 'written objections which . . . specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for those objections.'"  Id. (citing Shields v. Astrue, Civ. A. No. 07-417, 2008 WL 4186951, at *6 (M.D. Pa. Sept. 8, 2008)).

The court has reviewed the R&R and Galligani's objections thereto and finds the analysis of Judge Prince to be thorough and well-reasoned.  Galligani's

3

objections are simply confused and without merit.[1]   In both his brief in opposition to

the motion to dismiss and his objections to the R&R, Galligani raises new theories

of liability and causes of action not raised in his amended complaint.[2]   However, a

complaint is not amended by the arguments proffered in a brief in opposition to a

motion to dismiss.  See Com. of Pa. ex rel. Zimmerman v. PepsiCo, Inc., 836 F.2d

173, 181 (3d Cir. 1988) ('[I]t is axiomatic that the complaint may not be amended by

the briefs in opposition to a motion to dismiss.' (quoting Car Carriers, Inc. v. Ford

Motor Co., 745 F.2d 1101, 1107 (7th Cir. 1984))).  At the motion to dismiss stage, the

court must look to the allegations contained in the complaint and determine

whether the plaintiff has stated a plausible claim for relief.  Ashcroft v. Iqbal, ---

U.S. ---, 129 S. Ct. 1937, 1950 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S.

544, 556 (2007)); Twombly, 550 U.S. at 555 (requiring plaintiffs to allege facts

sufficient to "raise a right to relief above the speculative level").  The court finds

that the magistrate judge's R&R squarely addresses Galligani's objections (save for

---

[1]   For example, Galligani recites the standard of review for a motion for
summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure and
argues that the defendants have not satisfied their burden under that standard.
(Doc. 49, at 6-7).  The motion reviewed by Magistrate Judge Prince is a motion to
dismiss, filed pursuant to Rule 12(b), and subject to a materially different standard
of review.  (See Doc. 34).

[2]   In his brief in opposition to summary judgment, Galligani asserts a failure-
to-train theory of liability nowhere stated in the amended complaint.  (Compare
Doc. 40, at 7 (asserting failure-to-train theory) with Doc. 32 ¶ 33 (alleging "defective
institutional policies and/or procedures")).  In his brief in support of his objections,
Galligani raises another new theory of liability: § 1983 supervisory liability.  (Doc.
49, at 11-12).  Galligani also appears to raise a new cause of action in his objections:
a Fourth Amendment search and seizure violation.  (See Doc. 49, at 9-10).

newly asserted theories of liability, which the court need not consider), and will

adopt it in full.

The R&R does not, however, indicate whether the court should grant

Galligani leave to file a second amended complaint.  Galligani has already amended

his complaint once.  (See Doc. 32).  Nonetheless, leave to amend should be

permitted unless amendment would be inequitable or fail to cure the deficiency.

See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002); Shane v.

Fauver, 213 F.3d 113, 115 (3d Cir. 2000).  The court will dismiss with prejudice the

§ 1985 conspiracy count and the negligence count in the amended complaint, due to

Galligani's failure to oppose their dismissal in either his brief in opposition to the

motion to dismiss or in his objections to the R&R.  It would be inequitable to allow

Galligani to reassert these claims in an second amended complaint when he has not

opposed their dismissal up to this point.  See Grayson, 293 F.3d at 108 (listing

inequity as a basis for denying a plaintiff leave to amend).  With respect to the

Fourth Amendment malicious prosecution claim, however, there is no indication

from the Magistrate Judge or the defendants that Galligani would be unable to cure

the deficiencies in his complaint by putting forth additional factual allegations.  The

court will therefore grant Galligani leave to file a second amended complaint to

assert a Fourth Amendment malicious prosecution claim.

**III.**     **Conclusion**

The court will adopt the magistrate judge's R&R (Doc. 44), grant the

defendants' motions to dismiss (Doc. 34) and to strike (Doc. 54), and grant Galligani

leave to file a second amended complaint with respect to his malicious prosecution

claim.

An appropriate order is attached.


   S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge


Dated:        August 30, 2011

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CESAR GALLIGANI,** | : | **CIVIL ACTION NO. 1:10-CV-1136** |
| | : | |
| **Plaintiff** | : | **(Judge Conner)** |
| | : | |
| **v.** | : | |
| | : | |
| **NORTHERN YORK COUNTY** | : | |
| **REGIONAL POLICE DEPARTMENT** | : | |
| **and MARK E. BAKER,** | : | |
| | : | |
| **Defendants** | : | |

## ORDER

AND NOW, this 30th day of August, 2011, upon consideration of the report of the magistrate judge (Doc. 44) recommending that the court grant defendants' motion to dismiss (Doc. 34), and upon further consideration of the motion to strike (Doc. 54) filed by defendants, wherein defendants request that the court strike plaintiff's reply brief (Doc. 53) as untimely, and for the reasons stated in the accompanying memorandum, it is hereby ORDERED that:

1. The report and recommendation (Doc. 44) are ADOPTED.

2. The defendants' motion to dismiss (Doc. 34) is GRANTED as follows:

    a. The motion to dismiss the 42 U.S.C. § 1985 conspiracy count, and negligence count is GRANTED with prejudice.

    b. The motion to dismiss the 42 U.S.C. § 1983 malicious prosecution count is GRANTED without prejudice.

3. The defendant's motion to strike (Doc. 54) is GRANTED.

4. The Clerk of Court is direct to STRIKE document 53 from the record.

5.     Within fourteen (14) days of the date of this order plaintiff may file a second amended complaint with respect to the malicious prosecution count.

6.     Failure to comply with the preceding paragraph shall result in the closure of the above-captioned case.


   S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge